*348 Opinion of the Court, by
Judge Owsley.
THIS is a branch of the case formerly before this court, and the opinion then rendered is contained in 1 Marshall, 488. To that opinion we would, therefore, now refer, for a more particular statement of the facts. It may not, however, be improper to remark, that it will appear from that case, as well as from the record *349 now before the court, that Edwards, the present defendant in error, was appointed executor of the last will, &c. of Edward Waller, the ancestor of the plaintiffs in error, and after the testator’s decease, caused the will to be recorded, and took upon himself its execution, by entering into bond with Peter Moore his security; and that the present suit was brought in chancery, by the plaintiffs in error, to obtain the property specifically willed them by their ancestor, and to compel the executor, Edwards, and Moore, to account for property which had been sold by the executor under a special authority contained in the will of the testator.
Although the fact of bankruptcy will not bar the recovery of specific property held by a bankrupt as executor, it will bar the recovery by the distributees, of money received by him in his fiduciary character, and for which he was liable before he became a bankrupt.
The court below pronounced a decree compelling the executor, Edwards, and Moore, to deliver to the plaintiffs certain slaves specified in the will; but as Edwards had relied on being discharged, by having become a bankrupt, from the liability which he would otherwise have been under, for the amount of property sold under the will, and the court supposing the certificate of bankruptcy absolved him from that liability, made a decree in his favor, as to the pecuniary demand set up by the plaintiff, but at the same time decreed that Moore, the surety, should pay, &c.
Moore appealed from that decree, and the cause, when formerly here, presented an inquiry into the correctness of the decree as to him. The decree, as to Moore, was then reversed; but the reversal took place, not on the ground of the executor being under no liability for the pecuniary demand asserted by the plaintiffs, but on the ground of the bond executed by Moore, the surety, imposing no other obligation in favor of the plaintiffs, than for the payment of the legacies contained in the will; and whilst it was conceded, that as heirs and distributees the plaintiffs might assert their pecuniary demand against the executor, it was held that their recourse must be against the executor only, and not against his surety in the bond.
To reverse that part of the decree which dismissed the plaintiffs’ bill against Edwards, and which was not presented for the decision of this court when the cause was formerly here, the plaintiffs in error have prosecuted this writ of error.
The principles recognized by this court, when the cause, as to Moore, was under consideration, show conclusively the right of the plaintiffs to a decree against *350 the executor, Edwards, unless, in consequence of his bankruptcy, he has been discharged from their demand.
The present case turns, therefore, exclusively on the sufficiency of the evidence to show the fact of Edwards’ being a bankrupt, and if a bankrupt, the legal effect of it on the demand of the plaintiffs.
The evidence of bankruptcy, contained in the record, consists exclusively of the certificate thereof obtained in conformity to the requisitions of the act of congress on that subject. But, by the 34th section of that act, it is expressly enacted, that the certificate shall be allowed to be sufficient evidence, prima facie, of the party’s being a bankrupt within the meaning of the act, and of the commission and other proceedings precedent to the obtaining such certificate, in all cases where the bankrupt shall afterwards be arrested, prosecuted or impleaded for or on account of any debt, &c. In the language of the act, therefore, the certificate must be admitted prima facie evidence of the fact of Edwards’ having become bankrupt, and there is no opposing evidence conducing in the slightest degree to do away the effect of the certificate.
And with respect to the legal effect of Edwards’ being a bankrupt, we apprehend, there can be no rational doubt. The fact of his bankruptcy could not preclude those entitled, from recovering any specific property held by him in his fiduciary character; but it is not to recover property of that character that the decree of the court below is sought to be reversed. By the decree, Edwards was ordered to deliver the negroes claimed by the plaintiffs; and it is because the court failed to compel him to account for money which he became liable for before he was declared a bankrupt, that the cause has been brought to this court. The money, it is true, was received by him in his character of executor; but after receiving it he became liable in his personal right, and from such liability, we apprehend, he must have been discharged by the certificate of bankruptcy.
Under the laws of England concerning bankrupts, it has long since been held, that a vested legacy may be proved under the commission, and will be discharged by the certificate of an executor’s being bankrupt, (1 Bac. Abr. 457,) and there can be no difference in prin *351 ciple, between the obligation an executor is under to discharge a pecuniary legacy, and that which he is under to account to the distributees of the decedent for money coming into his hands as executor, and not disposed of by the will. In both cases, after receiving the money, the executor is personally liable; and the effect of his becoming bankrupt must necessarily, in both, be precisely the same.
The decree, as to Edwards, must consequently be affirmed.